## ALLEGIS GROUP AND BROADSPIRE, Petitioners

### v.

## WORKERS' COMPENSATION APPEAL BOARD (COUGHENAUR), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 27, 2010.

Decided Oct. 20, 2010.

7. Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10912.1.

Stephen R. Harris, Lemoyne, for petitioners.

Joseph J. Dixon, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Allegis Group and Broadspire (together, Employer) petition for review of the April 26, 2010, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to grant Anthony Coughenaur's (Claimant) penalty petition. We vacate and remand.

After holding hearings on Claimant's penalty petition, the WCJ made the following findings of fact.

1.) This court issued a Decision approving a Compromise & Release Agreement in this matter. The Decision was circulated on October 17, 2008.

2.) The claimant never received his lump sum payment of $60,000, as agreed

to by the Compromise & Release, until December 10, 2008.

3.) The original check was sent to the wrong address. A stop payment order was issued[,] [1] and the claimant did receive the agreed and approved amount of the check.

4.) The claimant lived at 631 Wolfe Hole Rd, Halifax, PA 17032, Dauphin County when the current litigation commenced.

5.) The claimant had previously lived at an address in Etters, PA and at another address in Hummelstown, PA.

6.) The record reveals that AIG was the Insurance Carrier and because of the size of the check, the Adjuster, Catherine Massa, testified that Broadspire Services, a Crawford Company, and the third party administrator[,] had to wait until AIG put the money in the account before the check could be issued.

7.) Catherine Massa testified on cross examination that she "did not see a difference in the address at that time."

She admitted that she failed to make a note of the address change.

8.) This Judge finds as a Fact that the failure to have this check issued on time caused a severe hardship to this claimant.[2]

(WCJ's Findings of Fact, Nos. 1–8.) Based on these findings, the WCJ imposed a 35% penalty on Employer. Employer appealed to the WCAB, which affirmed. Employer now petitions this court for review.[3]

Employer argues that the WCAB erred in affirming the imposition of a 35% penalty in this case. However, as indicated below, given the law governing the imposition of penalties for late payment of compensation, the WCJ failed to make adequate findings of fact and conclusions of law regarding this issue.

Section 435(d) of the Workers' Compensation Act [4] (Act) provides, in pertinent part, as follows:

---

1. According to the record, the Post Office forwarded the insurer's original check to 631 Wolfe Hole Road, and it arrived on December 5, 2008, but Claimant could not cash it because Claimant had instructed Employer to stop payment on the check. (N.T., 3/25/09, at 7, 9, R.R. at 47a, 49a.) Thus, Claimant was responsible for any delay in payment after December 5.

2. The record contains little, if any, evidence that Claimant suffered hardship. Claimant's only testimony about the effect of the late payment is that "I wasn't able to get work, the holiday—we didn't have a holiday. I wasn't able to get transportation." (N.T., 3/25/09, at 6, R.R. at 46a.) However, Claimant did not explain how failing to have the $60,000 check prior to December 10 prevented him from getting work. Moreover, inasmuch as Claimant received the $60,000 check on December 10, the delay should not have prevented Claimant from "having a holiday."

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. The assessment of penalties is discretionary, and this court may overturn a penalty only when the WCJ abused his or her discretion. *Constructo Temps, Inc. v. Workers' Compensation Appeal Board (Tennant)*, 907 A.2d 52, 55 (Pa.Cmwlth. 2006), *aff'd*, 596 Pa. 602, 947 A.2d 724 (2008). An abuse of discretion occurs where the WCJ's judgment is manifestly unreasonable, where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. *Allegheny Power Service Corporation v. Workers' Compensation Appeal Board (Cockroft)*, 954 A.2d 692, 699 n. 8 (Pa.Cmwlth.2008), *appeal denied*, 600 Pa. 735, 963 A.2d 472 (2009).

4. Act of June 2, 1915, P.L. 736, added by section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d).

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein **for violations of the provisions of this act** or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such **penalty may be increased to fifty per centum in cases of unreasonable or excessive delays.**

77 P.S. § 991(d) (emphasis added).

■ The Act does not require that a claimant suffer economic harm before a WCJ may impose penalties; a WCJ imposes penalties to assure compliance with the Act. *Palmer v. Workers' Compensation Appeal Board (City of Philadelphia)*, 850 A.2d 72, 78 (Pa.Cmwlth.2004). A claimant who files a penalty petition has the burden of proving a violation of the Act. *City of Philadelphia v. Workers' Compensation Appeal Board (Andrews)*, 948 A.2d 221, 228 (Pa.Cmwlth.2008). When there has been a violation of the Act, the assessment of penalties and the amount of a penalty are within the discretion of the WCJ. *City of Philadelphia v. Workers' Compensation Appeal Board (Sherlock)*, 934 A.2d 156, 160–61 (Pa.Cmwlth.2007).

With respect to penalties for late payments of compensation, in *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 586 Pa. 146, 161–62,

891 A.2d 1267, 1276–77 (2006), our supreme court stated that, although some have argued that section 428 of the Act[5] gives employers thirty days to pay a compensation award without fear of penalties, section 435 of the Act authorizes penalties without addressing grace periods. Thus, a penalty is at least theoretically available if an employer's refusal[6] to pay compensation persists for a single day. *Id.* at 162, 891 A.2d at 1277. However, "[p]enalties should be tied to some **discernible and avoidable wrongful conduct.**" *Id.* at 164, 891 A.2d at 1278 (emphasis added).

■ In *Mercer Lime and Stone Company v. Workers' Compensation Appeal Board (McGallis)*, 923 A.2d 1251, 1255 (Pa. Cmwlth.2007), this court recognized that, under *Snizaski*, an employer's obligation to pay benefits pursuant to an award is immediate. However, this court stated that "it is not clear how quickly [an] employer must pay to avoid being found in default, i.e., in violation of the Act." *Id.* This court then stated in *dicta*:

Obviously, even though the obligation to pay arises as soon as the award is entered, **instantaneous payment is not a practical possibility.** Absent regulations setting forth a bright line period within which payments must follow compensation awards, it would appear that the legal issue will henceforward **depend on the facts of each case**, as does the discretionary issue regarding imposition of penalties. *Snizaski* would seem to suggest a rule of reason—i.e., **whether**

---

**5.** Added by section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. § 921. Section 428 of the Act provides that, when an employer is in default in the payment of benefits for thirty days or more, a claimant may seek a judgment against the employer for the amount payable.

**6.** Section 430(b) of the Act provides that an employer who terminates, decreases or re-

fuses to make a payment without seeking and being granted a supersedeas shall be subject to a penalty. 77 P.S. § 971(b). We note that, in this case, Employer did **not** terminate, decrease or refuse to make a payment. Employer simply mailed the check to the address where all benefit checks had been previously mailed.

employer acted with reasonable diligence—as the appropriate standard for measuring compliance with the Act.

*Id.* at 1255–56 n. 8 (emphasis added). Thus, to determine whether Employer violated the Act by failing to pay Claimant the $60,000 lump sum until December 10, the WCJ had to determine whether Employer acted with reasonable diligence, i.e., whether Employer's mailing of the check to the wrong address was avoidable.

Here, the WCJ found that Claimant resided at 631 Wolfe Hole Road in Halifax during the litigation and that Catherine Massa admitted she failed to make a note of "the address change." (WCJ's Findings of Fact, Nos. 4, 7.) However, the record contains no evidence that Claimant ever notified Employer of an address change.[7] The record shows only that, in November 2007, Catherine Massa received a copy of a review petition filed by Claimant with an address of 91 Wolfe Hole Road in Halifax. (Massa Dep. at 6, 13–14, R.R. at 59a, 66a–67a.) Catherine Massa admitted she failed to make a note of **that** address. (Massa Dep. at 14, 17–18, R.R. at 67a, 70a–71a.)

The WCJ made no finding as to whether Catherine Massa was given notice of Claimant's **correct** address. If not, then Employer did not violate the Act because Employer could not have avoided mailing the check to the wrong address. Accordingly, we vacate and remand for new findings of fact and conclusions of law consistent with this opinion.

### ORDER

AND NOW, this 20th day of October, 2010, the order of the Workers' Compensation Appeal Board (WCAB), dated April

26, 2010, is hereby vacated, and this case is remanded to the WCAB for remand to the workers' compensation judge for new findings of fact and conclusions of law consistent with the foregoing opinion.

Jurisdiction relinquished.

---

7. Catherine Massa testified she usually is notified by a claimant's attorney when a claimant changes addresses. (Massa Dep. at 14, R.R. at 67a.) In *Chavis v. Workmen's Compensation Appeal Board (Port Authority of Allegheny County),* 142 Pa.Cmwlth.445, 598 A.2d 97, 99 (1991), this court stated that it was **not unreasonable** for an employer to expect a claimant to notify the employer of a change of address.