IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elliot Izquierdo,                            :
               Petitioner         :
                                  :
           v.                   :  No. 2143 C.D. 2013
                                  :  Submitted:  May 2, 2014
Workers' Compensation      :
Appeal Board                  :
(Aerotek Commercial Staffing    :
and Broadspire Services, Inc.),    :
               Respondents     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                            FILED: August 7, 2014


       Elliot Izquierdo (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) denying his penalty petition.  In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) not to impose a penalty upon Aerotek Commercial Staffing (Employer) when it did not pay attorney fees and costs owed to Claimant's counsel immediately upon settlement of Claimant's claim petition.  We affirm the Board.

       On February 14, 2011, Claimant sustained a work injury to his right heel and foot.  The injury was accepted as work-related in a compromise and release agreement (C&R Agreement) between the parties that was approved by the WCJ on July 8, 2011.  The C&R Agreement awarded Claimant a lump-sum

payment of $29,500; attorney fees of $5,900; and litigation costs in the amount of $163.89. On August 2, 2011, Claimant filed a penalty petition, alleging that Employer did not pay the attorney fees and litigation costs and requesting a penalty of 50% of $6,063.89, the amount outstanding. Employer's answer stated, *inter alia*, that it had paid counsel within 30 days of the approval of the C&R Agreement.

At the hearing before the WCJ, Claimant's Counsel argued that because Claimant received his payment on July 23, 2011, Counsel's payment was due on the same date. However, Counsel did not receive his payment until August 8, 2011, or 31 days after the C&R Agreement was approved.

Counsel presented his office receptionist, Pamela Wilson, to testify. Wilson was responsible for handling the office mail, which included affixing a date stamp on mail received. The stubs attached to Employer's two checks, one for $163.89 and one for $5,900, were both date stamped August 8, 2011, which was a Monday. Both checks were dated August 1, 2011.

On cross-examination, Wilson acknowledged that the stamp can be turned manually to change the date. Wilson also acknowledged that the law office is closed on Saturday. Accordingly, mail delivered on Saturday is not opened until the following Monday. When asked why the envelopes in which the checks had been mailed had not been produced, Wilson responded that she attaches the envelopes to the checks. Employer's counsel requested that Counsel produce the envelopes, and the WCJ granted the request. The envelopes were not produced by Claimant's counsel, in spite of the WCJ giving Claimant the opportunity to add them to the record.

2

The WCJ held that Claimant did not prove that the payments to his Counsel were untimely, *i.e.*, that they were made more than 30 days after the C&R Agreement was approved. First, Counsel failed to provide the envelopes that would have shown the date of mailing. Second, Counsel's office was closed on Saturday, August 6, 2011, leaving open the possibility that the payments were received 29 days after approval of the C&R Agreement. In any case, at most, the payments were one day late, which was *de minimis*. Penalties are not mandatory, but discretionary. The WCJ decided that a penalty was not warranted in the case of a one-day delay in payment and denied the penalty petition.

Claimant appealed to the Board. Claimant argued that the WCJ erred in his assumption that Employer had 30 days to comply with the payment obligations recited in the C&R Agreement. The Board agreed that there is no 30-day grace period for an employer to satisfy a workers' compensation payment obligation. The Board held that employers have to act with reasonable diligence in making a payment, and here there was no evidence that Employer did not act with reasonable diligence. The Board concluded that a penalty was not warranted and affirmed the WCJ. Claimant petitioned for this Court's review.[1]

On appeal, Claimant raises two issues.[2] First, Claimant argues that the WCJ erred in his premise that Employer had 30 days to satisfy its obligation to

---

[1] This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board* (*Crisman*)*,* 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

[2] Claimant raises five issues for this Court's review, but his brief only sets forth one argument section. We will only address the issues actually raised and developed in that section of the **(Footnote continued on the next page . . . )**

pay Claimant's legal fees and costs.  Second, because the Board agreed that there is no 30-day grace period, the Board should have remanded the matter to the WCJ.

We begin with a review of the relevant provisions of the Workers' Compensation Act (Act).[3]  Section 428 of the Act states that where an employer has been in default of a compensation payment for 30 days, the employee may obtain a lien on the employer's property.[4]  Section 435 of the Act states that payment of compensation must be paid in full "when due" and authorizes the imposition of penalties.[5]  The Pennsylvania Supreme Court has explained that a

---

**(continued . . . )**

brief.  *See Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008) (this Court will not consider the merits of an issue not developed in the brief).

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §921.

[4] Section 428 was added by Section 6 of the Act of June 26, 1919, P.L. 642, and it states:

> Whenever the employer, who has accepted and complied with the [insurance provisions of Section 305 of the Act, 77 P.S. §501] shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award.  Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of thirty thousand dollars less such amount as the employer shall have actually paid pursuant to such agreement or award.  Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith.

77 P.S. §921.

[5]Section 435 was added by the Act of February 8, 1972, P.L. 25.  It provides:

> (a)   The department shall establish and promulgate rules and regulations consistent with this act, which are reasonably calculated to:
> > (i)   expedite the reporting and processing of injury cases,
> > (ii)   *insure full payment of compensation when due*,

**(Footnote continued on the next page . . . )**

4

**(continued . . . )**

      (iii)    expedite the hearing and determination of claims for compensation and petitions filed with the department under this act,

      (iv)    provide the disabled employe or his dependents with timely notice and information of his or their rights under this act,

      (v)    explain and enforce the provisions of this act.

(b)    If it appears that there has not been compliance with this act or rules and regulations promulgated thereunder the department may, on its own motion give notice to any persons involved in such apparent noncompliance and schedule a hearing for the purpose of determining whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered.

(c)    The board shall establish rules of procedure, consistent with this act, which are reasonably calculated to expedite the hearing and determination of appeals to the board and to insure full payment of compensation when due.

(d)    The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

      (i)    Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

      (ii)    Any penalty or interest provided for anywhere in this act shall not be considered as compensation for the purposes of any limitation on the total amount of compensation payable which is set forth in this act.

      (iii)    Claimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused.

(e)    The department shall furnish to persons adversely affected by occupational disease appropriate counseling services, vocational rehabilitation services, and other supportive services designed to promote employability to the extent that such services are available and practical.

77 P.S. §991 (emphasis added).

penalty is theoretically authorized where an employer is one day late in making a payment, but it also cautioned that "[p]enalties should be tied to some discernible and avoidable wrongful conduct." *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 891 A.2d 1267, 1277-78 (Pa. 2006).

In *Mercer Lime and Stone Company v. Workers' Compensation Appeal Board* (*McGallis*)*, 923 A.2d 1251 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 937 A.2d 447 (Pa. 2007), this Court recognized that an employer's obligation to pay compensation is immediate upon the award. However, we explained that "instantaneous payment is not a practical possibility." *Id.* at 1255 n.8. As such, we concluded that the discretion involved in the imposition of penalties "would seem to suggest a rule of reason—*i.e.*, whether [the] employer acted with reasonable diligence—as the appropriate standard for measuring compliance with the Act." *Id*. In *Allegis Group and Broadspire v. Workers' Compensation Appeal Board (Coughenaur)*, 7 A.3d 325, 329 (Pa. Cmwlth. 2010), we again reiterated that the proper standard to follow is whether the "employer acted with reasonable diligence." Notably, all of these cases involve payment of compensation, not payment of legal fees and costs to a claimant's attorney.

The WCJ erred in suggesting that an employer has a 30-day grace period for making a compensation payment owed under the Act, and the Board so held. This leads to Claimant's second issue, *i.e*, whether the Board should have remanded the matter to the WCJ. Instead, it concluded that there had been no showing that Employer failed to act with reasonable diligence.

Claimant argues that Employer did not act with due diligence based upon the fact that Claimant's check was issued on July 17, 2011; his Counsel's checks should have been issued on the same day. Instead, Counsel's checks were

6

issued on August 1, 2011, and not received until August 8, 2011. As such, Claimant argues that Employer should be penalized.

> We have explained that
>
> [w]here as here, Claimant is seeking penalties for the Employer's purported violation of the Act, the burden of producing such evidence and persuading the factfinder of the credibility of such evidence is the burden of the Claimant.

*Sanders v. Workers' Compensation Appeal Board* (*Marriott Corp.*), 756 A.2d 129, 132-33 (Pa. Cmwlth. 2000). Thus, the claimant bears the burden of production and proof on a penalty petition. Here, Claimant produced no evidence about Employer's check issuing procedures or processes or why a check to Claimant's counsel should have been issued on the same day as Claimant's check. Claimant argues that it was Employer's burden to produce evidence to justify this discrepancy. We disagree. It was Claimant's burden to establish that Employer failed to act with reasonable diligence. The absence of any evidence in the record to account for Claimant's and his counsel's checks being issued on different days represents a failure on the part of Claimant, not of Employer. Further, Claimant did not identify a provision in the Act or a regulation requiring that payment to a claimant of his compensation and to his counsel for fees be made on the same day.

Because Claimant presented no evidence to establish that Employer failed to act with reasonable diligence, we conclude that the Board was not obligated to remand the matter to the WCJ to reassess the claim for penalties.

Accordingly, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elliot Izquierdo,                             :
                    Petitioner      :
                                        :
                v.         :  No. 2143 C.D. 2013
                                          :
Workers' Compensation                         :
Appeal Board                                  :
(Aerotek Commercial Staffing                  :
and Broadspire Services, Inc.),               :
                    Respondents     :

# **O R D E R**

AND NOW, this 7th day of August, 2014, the order of the Workers' Compensation Appeal Board, dated November 5, 2013 is AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge