# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward McGuire,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             :     No. 750 C.D. 2015
                                         :     Submitted:  October 9, 2015
Workers' Compensation Appeal             :
Board (Swift Transportation and          :
ESIS Northeast WC Claims),               :
                                         :
                    Respondent           :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  January 5, 2016**


          Edward McGuire (Claimant) petitions for review of an order of the
Workers' Compensation Appeal Board (Board) that affirmed the decision of a
Workers' Compensation Judge (WCJ) denying his penalty petition.  We affirm.

          Claimant sustained a work-related injury on September 30, 2008 in
his employment with Swift Transportation, Inc. (Employer).  (Compromise and
Release Agreement (C&R), Reproduced Record (R.R.) at 14a; 2013 WCJ Decision
Findings of Fact (F.F.) ¶¶1, 4, R.R. at 68a.)  Employer issued a Notice of

---

[1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status
of senior judge.

Compensation Payable that described Claimant's work injury as a crush fracture of the pelvis, and a June 20, 2012 WCJ decision expanded the description of Claimant's work injury to include lower back and right leg nerve injuries and reactive depression due to chronic pain. (C&R, R.R. at 14a, 18a.) In 2013, Claimant and Employer entered into a Compromise and Release Agreement resolving all of Claimant's claims for workers' compensation benefits arising from the September 30, 2008 injury in exchange for a lump sum payment of $220,000.00 and payment of medical expenses through June 17, 2013, including the repricing and payment of two past medical bills, one of which was in the amount of $300 and the other of which was for $890. (2013 WCJ Decision F.F. ¶¶3-4, R.R. at 68a; C&R, R.R. at 15a-16a, 18a.) On June 18, 2013, the WCJ issued a decision and order approving the Compromise and Release Agreement and ordering Employer to issue payment pursuant to its terms. (2013 WCJ Decision, R.R. at 65a-69a.) On July 24, 2013, Claimant filed the instant penalty petition, alleging that Employer was in violation of the June 18, 2013 WCJ order approving the Compromise and Release Agreement because "Claimant has not received any of the payment agreed to, all counsel fees have not been paid, and medical bills remain unpaid despite the passage of more than a month." (Penalty Petition, R.R. at 71a.)

The WCJ held three hearings on the penalty petition, at which the primary issue was when Claimant received the lump sum payment under the Compromise and Release Agreement. Claimant initially testified that he did not receive the check for the lump sum payment until after July 24, 2013. (11/26/13 Hearing Transcript (H.T.) at 19, R.R. at 40a.) Employer, however, introduced in evidence the check for the lump sum payment made out to Claimant bearing the

2

date July 16, 2013 and stamped as deposited by Claimant on July 24, 2013. (Employer Ex. 1; 11/26/13 H.T. at 25-30, R.R. at 46a-51a.) Claimant admitted on cross-examination that the signature depositing the check was his signature and testified "I don't remember" in response to Employer's questions as to when he received and deposited the check. (11/26/13 H.T. at 24-25, 28, R.R. at 45a-46a, 49a.) No witnesses other than Claimant testified. Employer's workers' compensation insurance adjuster failed to appear, despite representations by Employer that he would testify at the second and third hearings and the WCJ's order requiring him to appear. (9/3/13 H.T. at 8-9, R.R. at 82a-83a; 10/8/13 H.T. at 5-6, 22-23, R.R. at 89a-90a, 106a-107a; 11/26/13 H.T. at 5-6, R.R. at 26a-27a.)

No evidence was introduced as to when the two medical bills at issue were paid. Employer represented that the $300 bill was paid on July 3, 2013 and the $890 bill was paid on November 22, 2013. (11/26/13 H.T. at 36-38, R.R. at 57a-59a.) Employer offered to pay a 50% penalty on the medical bills to resolve the claims concerning those bills, but Claimant's counsel refused to accept that offer unless Employer would also agree to a 50% penalty on the lump sum payment. (*Id.* at 39, R.R. at 60a.) Although Employer also offered to stipulate that the two medical bills were paid late, Claimant's counsel refused to enter into that stipulation unless Employer would agree to other stipulations that Employer disputed, stating to the WCJ that "I'd be inclined just to have your Honor make a decision." (*Id.* at 35, R.R. at 56a.) Employer paid the counsel fees that were the subject of the penalty petition with a 50% penalty on those fees in the fall of 2013, before the final WCJ hearing. (Petitioner's Br. at 13-14 n.1; 10/8/13 H.T. at 7, R.R. at 91a.)

3

On January 31, 2014, the WCJ denied Claimant's penalty petition. The WCJ rejected Claimant's testimony as not credible. (2014 WCJ Decision F.F. ¶10.) The WCJ also concluded that Employer's insurance adjuster had intentionally failed to appear and drew an inference that his testimony would be unfavorable to Employer. (*Id.* F.F. ¶6.) The WCJ held that Claimant failed to show that Employer's payment of the lump sum was untimely, given the fact that Claimant deposited that check 36 days after the decision approving the Compromise and Release Agreement and the lack of evidence as to when he received the check. (*Id.* F.F. ¶11, Conclusion of Law (C.L.) ¶2.) With respect to the medical bills, the WCJ held that payment of the $300 bill on July 3, 2013 was timely and that although Employer admitted that the $890 bill was not paid until November 2013, there was no evidence as to when the bill was properly submitted for payment. (*Id.* F.F. ¶13, C.L. ¶2.) The WCJ accordingly denied the penalty petition on the ground that Claimant had failed to show any violation of the Workers' Compensation Act (the Act)[2] "sufficient to warrant the imposition of penalties." (2014 WCJ Decision C.L. ¶2.) The WCJ also ruled that Employer established a reasonable basis for contest in light of its successful defense of the penalty petition. (*Id.* C.L. ¶3.) Claimant timely appealed to the Board. On April 7, 2015, the Board affirmed. This appeal followed.[3]

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[3] Our review is limited to determining whether there has been any error of law or violation of constitutional rights, and whether the WCJ's necessary findings of fact are supported by substantial evidence. *Graphic Packaging, Inc. v. Workers' Compensation Appeal Board (Zink)*, 929 A.2d 695, 698 n.5 (Pa. Cmwlth. 2007).

Claimant asserts three arguments in this appeal: (1) that he showed that the payment of the lump sum and the two medical bills was untimely,[4] (2) that Employer's adjuster's failure to testify precluded denial of the penalty petition, and (3) that the WCJ erred in finding that Employer's contest of the penalty petition was reasonable. The first two of these arguments lack merit, and the third argument is waived by Claimant's failure to raise it in his appeal to the Board.

A WCJ is authorized to impose penalties for violations of the Act. Section 435(d) of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d); *Forbes Road CTC v. Workers' Compensation Appeal Board (Consla)*, 999 A.2d 627, 629 (Pa. Cmwlth. 2010); *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106, 1108 (Pa. Cmwlth. 2001). A claimant who files a penalty petition has the burden of proving that his employer violated the Act. *Allegis Group v. Workers' Compensation Appeal Board (Coughenaur)*, 7 A.3d 325, 328 (Pa. Cmwlth. 2010); *Sanders v. Workers' Compensation Appeal Board (Marriott Corp.)*, 756 A.2d 129, 132-33 (Pa. Cmwlth. 2000); *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282, 1288 (Pa. Cmwlth. 2000).

A violation of the Act can be found if the claimant shows that the employer did not begin to make payments within 30 days of the date on which its obligation to pay arose. *Graphic Packaging, Inc. v. Workers' Compensation*

---

[4] Claimant also contends that he showed that Employer did not timely pay all of the counsel fees that it owed. That issue, however, is moot because Claimant admits that Employer has not only paid all of the counsel fees, but also paid a 50% penalty on the counsel fees. (Petitioner's Br. at 13-14 n.1.)

*Appeal Board (Zink)*, 929 A.2d 695, 700-01 (Pa. Cmwlth. 2007) (affirming penalties where employer failed to pay claimant compensation for 17 months); *Thomas v. Workers' Compensation Appeal Board (Delaware County)*, 746 A.2d 1202, 1204-06 (Pa. Cmwlth. 2000) (penalties ordered where employer failed to pay claimant all compensation owed for over one year); Section 306(f.1)(5) of the Act, 77 P.S. § 531(5) (requiring that medical bills be paid within 30 days). In addition, because the Act does not provide a safe haven or grace period before an employer must pay compensation to the claimant, an employer may be found in violation of the Act if the claimant shows that the employer withheld such a payment deliberately to coerce the claimant to enter into other agreements or take other actions, even if the delay in payment was shorter than thirty days. *Mercer Lime & Stone Co. v. Workers' Compensation Appeal Board (McGallis)*, 923 A.2d 1251, 1255-56 (Pa. Cmwlth. 2007) (upholding penalty where payment under compromise and release agreement was originally made by defective check within 21 days and was successfully made within 36 days, even though defect was due to inadvertent error, because employer had deliberately delayed payment to attempt to force claimant to sign resignation letter); *see also Allegis Group*, 7 A.3d at 328-29. Because "instantaneous payment is not a practical possibility," the test for whether a delay in payment to a claimant constitutes a violation of the Act is whether the employer "acted with reasonable diligence." *Allegis Group*, 7 A.3d at 328-29 (quoting *Mercer Lime & Stone Co.*) (emphasis omitted); *Mercer Lime & Stone Co.*, 923 A.2d at 1255-56 n.8.

There is no error in the WCJ's conclusion that Claimant failed to show a violation of the Act. With respect to the lump sum payment, the evidence showed only that Claimant deposited the check for that payment in his bank

account on July 24, 2013, 36 days after the WCJ's June 18, 2013 approval of the Compromise and Release Agreement. As the WCJ correctly noted (2014 WCJ Decision F.F. ¶11), this does not show that Claimant received the check more than 30 days after the approval of the Compromise and Release Agreement; it shows only that Claimant could not possibly have received it later than 36 days after the approval and that the payment must have been sent before July 24, 2013. Nothing in Claimant's testimony established when he received the check. When asked when he received the check, Claimant twice answered "I don't remember," and Claimant did not testify that he deposited the check on the day that he received it. (11/26/13 H.T. at 24-25, R.R. at 45a-46a.) The mere fact that Claimant did not deposit the check until the 36th day does not mandate a finding that Employer failed to make payment within 30 days or a finding that Employer did not act with reasonable diligence in making the lump sum payment under the Compromise and Release Agreement.

Claimant contends that he showed untimeliness by his testimony that he received the check after the penalty petition was filed on July 24, 2013 and his testimony that Employer's adjuster had told him in "a heated exchange" months before the Compromise and Release Agreement that the adjuster would make sure that Claimant "received nothing." (*See* 11/26/13 H.T. at 13-15, 19, R.R. at 34a-36a, 40a.) The WCJ, however, found this testimony not credible. (2014 WCJ Decision F.F. ¶10.) The WCJ has exclusive province over questions of credibility and evidentiary weight, and may accept or reject the testimony of any witness in whole or in part. *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59, 70 (Pa. Cmwlth. 2014); *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 949 (Pa.

7

Cmwlth. 2010). The WCJ therefore did not err in holding that Claimant failed to prove that Employer's payment of the lump sum was untimely.

With respect to the medical bills, the only evidence of any delay in payment was Employer's admission that the $300 bill was paid on July 3, 2013 and the $890 bill was paid on November 22, 2013. Payment on July 3, 2013, 15 days after the decision approving the Compromise and Release Agreement, is within the 30 days for payment of medical bills allowed under the Act, 77 P.S. § 531(5), and therefore was not shown to be untimely. While November 22, 2013 is more than 30 days after the approval of the Compromise and Release Agreement, the duty to pay medical bills does not arise until the provider submits its bills on the prescribed forms and submits the reports required by the Act. *AT&T v. Workers' Compensation Appeal Board (DiNapoli)*, 728 A.2d 381, 383-84 (Pa. Cmwlth. 1999) (*en banc*). Because there was no evidence introduced as to when either medical bill was submitted on the prescribed forms or when the required reports were submitted, there was no evidence that Employer's obligation to pay the $890 bill arose more than 30 days before November 22, 2013. The WCJ therefore likewise did not err in finding that Claimant failed to satisfy his burden of proving that Employer's payment of the medical bills was untimely.

Claimant argues that the failure of Employer's adjuster to testify entitled him to an inference establishing that Employer's payments were untimely and, alternatively, that the WCJ erred in deciding the petition without the adjuster's testimony. Contrary to Claimant's assertion, the WCJ did draw an adverse inference from the adjuster's failure to appear. (2014 WCJ Decision F.F. ¶6.) This, however, cannot cure Claimant's failure to introduce evidence that Employer's payments were untimely. An adverse inference from a witness's

8

failure to testify is not evidence sufficient to support a finding of or sustain a party's burden of proof. *Kennett Square Specialties v. Workers' Compensation Appeal Board (Cruz)*, 31 A.3d 325, 328-29 (Pa. Cmwlth. 2011), *aff'd*, 99 A.3d 397 (Pa. 2014).

Claimant's alternative contention likewise fails. A WCJ may close the record even though a party wishes to present additional evidence, so long as "the parties have had reasonable opportunity to present their case." 34 Pa. Code § 131.101(e). Here, Claimant had a reasonable opportunity to present his case. The issue of when Claimant received the lump sum payment was a matter uniquely within his own knowledge that required no testimony from the Employer's adjuster. While the payment of the two medical bills was not a matter within Claimant's personal knowledge, Claimant was not denied the opportunity to prove his claim for penalties for those bills. After the WCJ made clear at the third hearing that he would close the record without the adjuster's testimony, Employer's counsel offered to stipulate that the medical bills were not timely paid without any requirement that Claimant stipulate to other facts. (11/26/13 H.T. at 9-12, 34-39, R.R. at 30a-33a, 55a-60a.) Claimant's counsel, however, refused to agree to that stipulation unless Employer would agree to a 50% penalty on the lump sum payment and requested that the WCJ decide the penalty petition without a stipulation that the medical bills were not timely paid. (*Id.* at 35, 39, R.R. at 56a, 60a.) Claimant's failure of proof with respect to the medical bills is thus a result of his counsel's strategic choices rather than the WCJ's decision to close the record.

Moreover, the denial of penalties was proper, even if additional evidence had showed that Employer's payments were untimely. Where a violation of the Act is proven, the imposition of a penalty is not required; whether a penalty

9

should be awarded is a matter within the discretion of the WCJ. *Budd Co. v. Workers' Compensation Appeal Board (Kan)*, 858 A.2d 170, 176 (Pa. Cmwlth. 2004); *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 756 A.2d 1209, 1213 (Pa. Cmwlth. 2000). A WCJ's decision not to award a penalty will not be disturbed on appeal absent an abuse of discretion. *Budd Co.*, 858 A.2d at 176; *Galloway*, 756 A.2d at 1213-14.

The denial of penalties here was not an abuse of discretion. Even if the lump sum payment were not received by Claimant within 30 days, it is clear that the check was sent to him before the penalty petition was filed and that Claimant received it within a mere 36 days after the approval of the Compromise and Release Agreement. The amount of the two medical bills totaled less than $1,400, one was paid before the penalty petition was filed and the other was paid before the WCJ decided the penalty petition. Under those circumstances, the WCJ was well within his discretion in concluding that there was no "violation of the Act sufficient to warrant the imposition of penalties." (2014 WCJ Decision C.L. ¶2.)

Claimant's remaining argument, that the WCJ erred denying him counsel fees for unreasonable contest, is waived. The only allegations of error listed by Claimant in his appeal to the Board were the contentions that the WCJ erred in finding that Employer did not violate the Act and that the WCJ erred in deciding the petition without the testimony of the adjuster. (Claimant Appeal to Board at 1.) Claims of error not raised by a party in his appeal to the Board are waived and cannot be considered by this Court. *Simmons v. Workers' Compensation Appeal Board (Powertrack International)*, 96 A.3d 1143, 1144 n.1 (Pa. Cmwlth. 2014); *McGaffin v. Workers' Compensation Appeal Board (Manatron, Inc.)*, 903 A.2d 94, 101-02 (Pa. Cmwlth. 2006) (issue not listed as

10

error in document appealing WCJ decision to Board was waived even though party had argued it in its brief before the Board).

For the foregoing reasons, we affirm the order of the Board.


_____

JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward McGuire,                 :

                              :

                 Petitioner       :

                              :

                v.            :   No. 750 C.D. 2015

                              :

Workers' Compensation Appeal    :

Board (Swift Transportation and   :

ESIS Northeast WC Claims),      :

                              :

                Respondent    :

# **O R D E R**

AND NOW, this 5th day of January, 2016, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____

JAMES GARDNER COLINS, Senior Judge