**INDEPENDENCE BLUE CROSS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FRANKFORD HOSPITAL and Susan Nothnagel), Respondents.**

**Susan Nothnagel, Petitioner**

v.

**Workers' Compensation Appeal Board (Independence Blue Cross and Frankford Hospital), Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 3, 2003.
Decided April 7, 2003.

John Jackson, Bromall, for petitioner.

Kenneth M. Rodgers, Philadelphia, for respondent, S. Nothnagel.

William F. Sweeney, Philadelphia, for respondent, Frankford Hospital.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

In these consolidated matters, Independence Blue Cross (Blue Cross) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed a dismissal of its review and penalty petitions because it waived its subrogation interest. ·Susan Nothnagel (Claimant) petitions for review of the Board's reversal of an award of attorney fees and costs. We affirm the Board in both matters.

In January 1994, Claimant sustained a back injury while working for Frankford Hospital (Employer). Employer denied the claim, and Claimant filed a claim petition. During the litigation, Claimant submitted her medical expenses to Blue Cross and Pennsylvania Blue Shield (Blue Shield), her health care insurers.

In June 1997, Workers' Compensation Judge (WCJ) Kelley granted Claimant's claim petition, and Employer appealed. Blue Cross and Blue Shield continued to pay Claimant's medical expenses.

While the appeal was pending, Employer and Claimant entered into a Compromise and Release (agreement) in July 1998. Claimant received a lump sum payment of $100,000. Based on information received from Blue Shield, Claimant paid it $11,000 from the proceeds. The agreement did not refer to Blue Cross. The agreement stated that there was no further Section 319 subrogation lien. WCJ Kelley approved the agreement.

Nearly 14 months after the approval of the agreement, Blue Cross filed a review petition against Employer, seeking subrogation because it paid a significant amount of Claimant's work-related medical expenses. Also, Blue Cross filed a penalty petition, seeking to set aside the agreement. Blue Cross alleged that the agreement contained material and possibly fraudulent misrepresentations regarding Claimant's medical expenses and the existence of a Section 319 subrogation lien.

Blue Cross's petitions were assigned to WCJ Snyder. At the initial hearing, both Employer and Claimant moved to dismiss the petitions. They asserted that Blue Cross never provided notice of its subrogation lien to either of them. They argued that Blue Cross was now time-barred from asserting a lien.

Also at the initial hearing, the WCJ accepted from Blue Cross a copy of the agreement, a printout summary of medical bills it paid and a document identifying diagnoses codes. Significantly, Blue Cross neither proved nor offered to prove that it notified a workers' compensation party of its subrogation interest. Also, Blue Cross neither proved nor offered to prove that it lacked notice of the claim petition proceedings and agreement approval proceedings.

The WCJ dismissed Blue Cross' review petition. He determined Blue Cross did not assert its subrogation interest during the claim proceeding and did not participate in the negotiation or hearing on the agreement. The WCJ concluded that Blue

Cross waived its subrogation interest by failing to raise it in a timely manner. The WCJ also dismissed the penalty petition, concluding that Blue Cross failed to prove a violation of the Workers' Compensation Act (Act).[1] Further, he found Blue Cross' contest was unreasonable, and he awarded attorney fees and costs.

On appeal, the Board reversed the award of attorney fees and costs. The Board affirmed the remainder of the award.

■ Before us, Blue Cross contests that it waived its subrogation interest by failing to present it at the time of the claim petition. Blue Cross notes it was not a party to the claim petition and did not receive notice of the proceedings. Blue Cross asserts an absolute statutory right to subrogation under Section 319 of the Act[2], a right which cannot be defeated by equitable considerations, such as lack of due diligence. It relies upon *Thompson v. Workers' Compensation Appeal Bd. (USF & G Co. and Craig Welding & Equipment Rental)*, 566 Pa. 420, 781 A.2d 1146 (2001) for the proposition that subrogation is automatic and that there are no equitable exceptions to the absolute statutory language contained in Section 319.

*Thompson* involved an employer seeking subrogation from its employee's settlement with a tortfeasor. In the third-party lawsuit, the trial court precluded proof of medical bills and wage loss covered by workers' compensation as a spoliation sanction arising from the employer's failure to retain evidence.

After the case settled, the employer filed a petition to enforce its subrogation lien from the settlement proceeds paid by the third-party tortfeasor to the employee. The controlling issue was whether wrong-

doing by the employer, which prejudiced the employee's third-party lawsuit, worked an equitable forfeiture of the subrogation interest. Ultimately, our Supreme Court held that the subrogation interest against the third-party recovery survived. Addressing the first paragraph of Section 319, it held that "[t]he statute is clear and unambiguous, and, by its terms, admits of no express exceptions, equitable or otherwise." *Thompson*, 566 Pa. at 429, 781 A.2d at 1151.

We do not agree that either *Thompson* or the first paragraph of Section 319 controls this case. The first paragraph of Section 319 pertains to an employer's subrogation interest in an injured employee's recovery against a third-party tortfeasor. As our Supreme Court recognized in *Thompson*, subrogation under this provision is automatic and absolute, there being no conditions in the statute.

■ In contrast, the second paragraph of Section 319 addresses adjustments between benefits payors, usually insurers. More importantly, the second paragraph of Section 319 contains explicit conditions not present in the first paragraph:

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, *if the right to subrogation is agreed to by the par-*

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671.

*ties or is established at the time of hearing before the referee or the board.* 77 P.S. § 671. (Emphasis added.) Thus, the second paragraph of Section 319 contemplates subrogation established either by contract (agreed to by the parties) or by litigation (established at the time of the hearing). It is neither automatic nor absolute. Indeed, subrogation under the second paragraph of Section 319 is not self-executing and must be asserted with reasonable diligence. *Baierl Chevrolet v. Workmen's Compensation Appeal Bd. (Schubert),* 149 Pa.Cmwlth.367, 613 A.2d 132 (1992); *Humphrey v. Workmen's Compensation Appeal Bd. (Supermarket Service),* 100 Pa.Cmwlth.33, 514 A.2d 246 (1986). In summary, subrogation under this statutory provision arises differently than subrogation arising under the first paragraph of Section 319.

Blue Cross' subrogation arising under the second paragraph of Section 319 is subject to the statutory conditions. Subrogation arises if it "is agreed to by the parties or is established at the time of hearing...." Here, Blue Cross failed to establish subrogation as required by the statute. In particular, there was no offer to prove an agreement for subrogation, there was no offer to prove a request for subrogation at any of the hearings on the claim petition and agreement, and there was no offer to prove a request directed to any workers' compensation party that a subrogated interest be protected.

Blue Cross contends that it satisfied the statutory condition by attempting to establish its subrogation interest at a workers' compensation hearing after the claim proceedings. In particular, it argues that it may establish its subrogation interest after the claim proceedings at a hearing on its review and penalty petitions. However, case law holds otherwise.

In *Baierl,* after a 1988 approval of supplemental agreements disposed of a claim petition, Blue Cross and Blue Shield filed a 1989 review petition seeking to enforce their subrogation interest. We held that the insurers were not entitled to subrogation because the interest was not asserted during the pendency of the claim proceedings. *Baierl* controls Blue Cross' timeliness argument here.[3]

Blue Cross' contention that it lacked notice is not persuasive. Blue Cross neither proved nor offered to prove that it was unaware of the claim proceedings or of the proposed agreement.

■ Likewise, we find no merit in Blue Cross' penalty petition alleging the agreement contained material or possible fraudulent misrepresentations related to Section 319 liens. Blue Cross failed to offer any evidence that the representations in the agreement were knowingly false. Also, Blue Cross did not offer to prove that it notified any workers' compensation party of its interest. Thus, the record does not support a penalty, and we discern no basis to reverse the Board on this issue.

■ On the cross appeal, Claimant assigns error in the reversal of the award of attorney fees. The Board concluded the Act did not provide for an award of attorney fees against Blue Cross because Blue Cross was not contesting liability, but rather was trying to assert its subrogation interest. Claimant submits that the language of Section 440 allows attorney fees

---

3. We do not address whether an employer or insurance company may assert a subrogation interest after a claim petition is resolved upon proof that, despite due diligence, it did not timely discover the injuries were work related. Blue Cross did not make such an offer of proof here. Given that Blue Shield protected its subrogation interest, it is unclear how Blue Cross would proceed on this issue.

for unreasonable contest, not only where an insurer is contesting liability, but also where it seeks to "otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts." 77 P.S. § 996. We agree with the Board that the Act does not provide for Claimant's recovery of attorney fees from Blue Cross, but for different reasons.

■■■ It is a general rule that each party to litigation must pay its own attorney fees, unless there is statutory language providing for fees, the parties have a clear, contractual agreement or there is some other established exception. *Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965); *Pa. State Police, Bureau of Liquor Control Enforcement, v. Benny Enterprises, Inc.,* 669 A.2d 1018 (Pa.Cmwlth.1995). The party claiming entitlement to an award of fees bears the burden of proving such entitlement. *Jones v. Muir,* 511 Pa. 535, 515 A.2d 855 (1986).

Contrary to Claimant's assertions, Section 440 of the Act provides no authority to award attorney fees against a party other than an employer or its workers' compensation insurer. In its entirety, Section 440 provides:

(a) In any contested case where *the insurer* has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided,

That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by *the employer or the insurer.*

(b) If counsel fees are awarded and assessed against the *insurer or employer,* then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the *insurer has paid or tendered payment of compensation* and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and *the compensation paid or tendered by the insurer.* (Emphasis added.)

The statute provides for attorney fees from an employer or insurer. By definition, "insurer" refers to an entity with which the employer has insured liability pursuant to the Act. *See* Section 109 of the Act, 77 P.S. § 29 and Section 305 of the Act, 77 P.S. § 501. Because this section does not confer authority to assess fees against a third-party benefit payor, such as Blue Cross, we reject Claimant's argument that she is entitled to attorney fees under Section 440.

■■ Claimant next asserts entitlement to attorneys fees under 42 Pa.C.S. § 2503. She maintains that Blue Cross proceeded in bad faith because it did not offer evidence that Claimant failed to protect a subrogation claim of which she had notice. Claimant relies upon *Patel v. Workmen's Compensation Appeal Bd. (Sauquoit Fibers Co.),* 103 Pa.Cmwlth.290, 520 A.2d 525 (1987), to support her argument that Section 2503 of the Judicial Code is applicable to workers' compensation proceedings.

In *Patel,* a workers' compensation claimant filed a third claim for the same injuries previously twice denied. The WCJ and Board denied the third claim, and Patel appealed to this Court a third time. Concluding that the *appeal* was repetitious and wholly frivolous, this Court awarded reasonable appellate counsel fees pursuant to Section 2503(7) of the Judicial Code and Pa. R.A.P. 2744.

Contrary to Claimant's assertions, *Patel* does not stand for the proposition that the Board may award attorneys fees. Section 2503 of the Judicial Code applies only to components of the unified judicial system, unless there is specific language otherwise. *Pleasant Valley School Dist. v. Dep't of Cmty. Affairs,* 127 Pa.Cmwlth. 85, 560 A.2d 935 (1989); *Duquesne Light Co. v. Pa. Public Utility Comm'n,* 117 Pa. Cmwlth. 28, 543 A.2d 196 (1988); *Pennsylvania Bd. of Probation and Parole v. Baker,* 82 Pa.Cmwlth. 86, 474 A.2d 415 (1984). Section 2503 does not contain express language authorizing the WCJ or Board to award costs and fees. Our holding in *Patel* is consistent with these cases.

We are sympathetic to Claimant's arguments. Nevertheless, this Court's authority to award counsel fees under Section 2503 arises not from a party's conduct in matters prior to the commencement of the appeal, but rather from a party's conduct before this Court. *Gossman v. Lower Chanceford Township Bd. of Supervisors,* 503 Pa. 392, 469 A.2d 996 (1983); *Dep't of Transportation, Bureau of Driver Licensing v. Smith,* 145 Pa.Cmwlth. 164, 602 A.2d 499 (1992). For us to award attorney fees, we must find Blue Cross' prosecution of its appeal to be arbitrary, vexatious or in bad faith. *Id.* Because the impact of our Supreme Court's recent decision in *Thompson* on subrogation under the second paragraph of Section 319 has not been

addressed before this opinion, we decline to do so.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 7th day of April, 2003, we affirm the order of the Workers' Compensation Appeal Board.