IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Independence Blue Cross, Subroger,   :
and Elwood Cubbage (deceased) and   :
Mary Cubbage, (Widow), Subrogee,   :
                Petitioners   :
  :
          v.   :
  :
Workers' Compensation Appeal Board,   :
(City of Philadelphia, Fire Department),   :   No. 535 C.D. 2016
                Respondent   :   Submitted: October 7, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE              FILED: February 6, 2017


Independence Blue Cross (Petitioner) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) which granted a motion of the City of Philadelphia (Respondent) to quash Petitioner's appeal on the basis that Petitioner lacked standing to appeal the decision of the Workers' Compensation Judge (WCJ). Upon review, we affirm.

On December 6, 2011, Mary Cubbage (Claimant) filed a Fatal Claim Petition pursuant to Act 46 of 2011,[1] alleging an entitlement to death benefits as a

---

[1] Act 46 of 2011 amended Section 108 of the Workers' Compensation Act (Act) by further defining the term "occupational disease" to include cancer suffered by a firefighter caused by exposure to a known carcinogen recognized as a Group 1 carcinogen by the

result of the death of Elwood Cubbage (Decedent) from multiple myeloma on December 8, 2008. Claimant then filed a Lifetime Claim Petition on February 14, 2012, alleging Decedent developed multiple myeloma on January 7, 2008 due to exposure to IARC Group 1 carcinogens while working as an EMT/firefighter for Respondent. The lifetime Claim Petition initially limited the alleged entitlement to payment of medical bills; however, this Petition was later amended to include an allegation of wage loss from January 7, 2008 to December 7, 2008.

Petitioner appeared before the WCJ on May 21, 2013, and asserted its right to subrogation. Respondent objected on the basis that retroactive application of Act 46 to medical expenses incurred prior to the effective date of that Act was unconstitutional. That specific issue was briefed by the parties, and the WCJ issued an interlocutory order on July 1, 2013, finding in favor of Respondent.

On March 20, 2014, a hearing was held before the WCJ to amend the Fatal Claim Petition and seek approval of a Compromise and Release Agreement (C&R). By the terms of the C&R, Claimant and Respondent agreed there were no wage loss, specific loss, or medical benefits at issue in the litigation of the Fatal Claim Petition. (Reproduced Record (R.R.) at 15a.) Claimant agreed to waive her right to collect weekly death benefits for the remainder of her life in exchange for a one-time lump sum payment of $175,000.00. *Id.* Claimant further waived her right to collect any benefits as the beneficiary of the estate of Decedent resulting from the lifetime Claim Petition. (R.R. at 16a.) Claimant and Respondent entered into the agreement to resolve all outstanding issues between the parties due to the uncertainty of litigation. *Id.* Section 11 of the C&R indicates the parties were not

International Agency for Research on Cancer (IARC). Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(r).

2

aware of any actual or potential lien for subrogation under Section 319.[2] (R.R. at 15a.)

The WCJ incorporated the interlocutory order from July 2013 into a decision issued on July 10, 2014. In that decision, the WCJ found no benefits were at issue and denied and dismissed the lifetime Claim Petition. (R.R. at 9a.) The WCJ declined to render a decision on the issue of whether Petitioner had standing to continue litigation of the lifetime Claim Petition. *Id.* at 8a.

Petitioner appealed to the Board, whereupon Respondent filed a Motion to Quash the appeal on the basis that Petitioner lacked standing to appeal the decision of the WCJ. The Board granted Respondent's motion and Petitioner appealed to this Court.[3]

On appeal, Petitioner raises the following issues:

1. Whether the Board erred in ruling Petitioner lacks standing to file an appeal of the decision of the WCJ?

2. Whether the Board erred in finding Claimant waived her rights to pursue wage loss and/or medical benefits?

## DISCUSSION

Petitioner argues it has standing on the basis of having been aggrieved by the decision of the Board and through application of Section 319 of the Act.

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671.

[3] This Court's standard of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated and whether constitutional rights were violated or an error of law was committed. *World Kitchen, Inc. v. Workers' Compensation Appeal Board (Rideout),* 981 A.2d 342, n. 5 (Pa. Cmwlth. 2009).

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order may appeal therefrom. Pa.R.A.P. 501. Respondent argues Petitioner is not aggrieved and therefore lacks standing to appeal. A determination of whether an individual is aggrieved and thus has standing to appeal is made on a case-by-case basis. *Byfield v. Workers' Compensation Appeal Board (Philadelphia Housing Authority)*, 143 A.3d 1063, 1068 (Pa. Cmwlth. 2016). In order to be aggrieved, a party must have a direct, substantial, and immediate interest in the subject matter of the litigation. *Interstate Gas Marketing, Inc. v. Pennsylvania Public Utility Commission,* 679 A.2d 1349, 1354 (Pa. Cmwlth. 1996).

Petitioner contends it is aggrieved because it has not received the relief requested. Simply not receiving requested relief cannot make one aggrieved or confer standing upon a party. Petitioner must also have an interest in the subject matter of the litigation, and we conclude it does not. There is no litigation in which Petitioner can claim to have a direct, substantial, and immediate interest. Claimant waived her right to receive any further benefits in exchange for a lump-sum payment. The WCJ denied and dismissed the lifetime Claim Petition. As a result, benefits were never awarded. While Petitioner has named Claimant as a party in each step of the appellate process, Claimant is represented by her own counsel and has not separately appealed the denial and dismissal of her lifetime Claim Petition. Indeed, the C&R makes it clear Claimant resolved all outstanding issues with Respondent due to the uncertainty inherent in litigation. (R.R. at 16a.) In a closing statement made to the WCJ, Claimant's counsel stated "[Claimant] waived her right to take benefit. She's not going to receive any benefit from [the lifetime Claim Petition] and I'm out of it. You know that we're out of it." (R.R. at 38a.)

Petitioner further argues it has standing and a right to subrogation under the plain language of Section 319 of the Act. Our Supreme Court has held that subrogation under Section 319 is automatic when the subrogation interest arises in an injured employee's recovery against a third-party tortfeasor. *Thompson v. Workers' Compensation Appeal Board (USF&G Co.),* 781 A.2d 1146, 1151 (Pa. 2001). However, the Court in *Thompson* only addressed the first paragraph of Section 319.

The instant matter involves subrogation under the second paragraph of Section 319. That paragraph provides as follows:

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

77 P.S. § 671.

Subrogation under this paragraph is neither automatic nor absolute. *Independence Blue Cross v. Workers' Compensation Appeal Board (Frankford Hospital),* 820 A.2d 868, 872 (Pa. Cmwlth. 2003). Subrogation arising pursuant to the second paragraph is subject to statutory conditions and arises if agreed to by the parties or established at the time of the hearing. *Id.*

It is undisputed that Decedent did not receive any payments for disability or medical expenses as Claimant did not file her Fatal Claim Petition until three years after Decedent's death. Claimant received a lump-sum payment

in exchange for waiving her right to ongoing death benefits and her right to collect any benefit resulting from the lifetime Claim Petition. Claimant answered in the affirmative when asked if she understood that she was waiving her right to take any money from the lifetime Claim Petition and that, should the WCJ grant that petition, she could not receive any portion of it. (R.R. at 29a.)

There was no explicit agreement by the parties that Petitioner be allowed to proceed with its subrogation claim. Respondent clearly did not agree at the March 20, 2014 hearing, arguing in closing that Petitioner's subrogation rights were dependent upon Claimant's ability to pursue a claim. (R.R. at 39a.) While Counsel for Claimant made it clear the petition was left open pending a decision by the WCJ, Petitioner was responsible to "fight for their [sic] right to subrogation." *Id.* at 38a. Claimant would take nothing from the lifetime Claim Petition, but the lifetime Claim Petition would be decided. *Id.* at 40a.

Petitioner continued to assert its right to subrogation pursuant to Section 319 at the March 20, 2014 hearing. However, the plain language of Section 319 requires that payments be made before an employer or insurance company can be subrogated. As discussed *infra*, neither the Decedent nor the Claimant received any payments pursuant to a lifetime Claim Petition and Claimant forever waived her right to collect them.

Petitioner's second argument, that Claimant only waived her right to collect benefits and not the right to pursue those benefits, has no merit. In subrogation, in the context of a workers' compensation claim, the insurer stands in the shoes of the injured employee. *Frazier v. Workers' Compensation Appeal Board (Bayada Nurses, Inc.),* 52 A.3d 241, 248 (Pa. 2012). In the case *sub judice*, there are no shoes in which to step. If Claimant cannot collect from the lifetime petition, no other person or entity can collect on her behalf.

6

For these reasons, the Order of the Board granting Respondent's Motion to Quash is hereby affirmed.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Independence Blue Cross, Subroger, :
and Elwood Cubbage (deceased) and :
Mary Cubbage, (Widow), Subrogee, :
      Petitioners :
          :
     v. :
          :
Workers' Compensation Appeal Board, :
(City of Philadelphia, Fire Department), :   No. 535 C.D. 2016
      Respondent :

## O R D E R

AND NOW, this 6th day of February, 2017, the Order of the Workers' Compensation Appeal Board dated March 8, 2016, is affirmed.

_____
JOSEPH M. COSGROVE, Judge