IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Wheatley,                          :
                          Petitioner      :
                                          :
           v.                             :     No. 2 C.D. 2022
                                          :     Submitted: October 10, 2023
Pyramid Hotel Group (Workers'             :
Compensation Appeal Board),               :
                          Respondent      :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                     FILED: January 25, 2024

           Wesley Wheatley (Claimant) has petitioned this Court to review an

adjudication of the Workers' Compensation Appeal Board (Board), which affirmed

the decision of the Workers' Compensation Judge (WCJ), denying Petitioner's

penalty petition. After review, we affirm.

## I. BACKGROUND[1]

           In October 2018, Claimant was employed as a cook by Pyramid Hotel

Group (Employer). He suffered an injury that resulted in an aggravation of his

preexisting asthma, preexisting Type 2 diabetes, and ultimately resulted in diabetic

ketoacidosis. Claimant was hospitalized for five days, and Claimant's private

healthcare carrier (Insurer) covered the costs of his hospitalization and treatment.

---

[1] Unless otherwise stated, the recitation of facts is derived from the WCJ's decisions
entered in response to Claimant's claim petition and penalty petition. *See respectively* WCJ Dec.,
5/13/20, at 3-10; WCJ Dec., 1/28/21, at 3-7.

Subsequently, Claimant filed a claim petition pursuant to the Workers' Compensation Act (the Act).[2] On May 13, 2020, the WCJ granted his claim petition, found that he had sustained a work-related injury, and ordered Employer to pay Claimant total disability benefits at the weekly rate of $773.33 from October 8, 2018, through October 28, 2018; partial disability benefits at the weekly rate of $520.00 from October 28, 2018, through October 8, 2019; and Claimant's reasonable and necessary medical expenses related to his work-related injury. The WCJ suspended partial disability benefits as of October 8, 2019, and terminated Claimant's benefits concerning his work-related aggravation of his preexisting diabetic condition and work-related ketoacidosis as of March 28, 2019. Employer remained liable for Claimant's ongoing medical expenses for treatment of the aggravation of his preexisting asthma.

On August 3, 2020, Claimant demanded payment for the costs of his hospitalization as constructive trustee for Insurer. *See* Notice of Lien.[3] Shortly thereafter, on August 24, 2020, Claimant filed a penalty petition asserting unpaid medical bills, an assertion Employer answered and rejected.

Although the precise timing is unclear, but apparently after Claimant filed his penalty petition and sometime in September 2020, Claimant also filed an "addendum" with the Board seeking "penalties . . . and other remedies . . . ." Addendum to Claimant's and Defendant's Appeal at 2 (undated and unpaginated)

---

[2] Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 – 1041.4, 2501-2710.

[3] Initially, Claimant sought payment on behalf of the University of Pennsylvania Health System. *See* Notice of Lien, Letter, 8/3/20. However, on August 4, 2020, Claimant sent Employer a corrected demand for payment, which clarified that he sought payment on behalf of Insurer. *See* Notice of Lien, Letter, 8/4/20. Both letters were introduced into evidence as Exhibit D-2. *See* Notes of Testimony (N.T.) Hr'g, 11/19/20, at 6-7.

(Addendum to Appeal).[4] Employer responded that Insurer's subrogation rights were waived as untimely raised and that Claimant lacked standing to assert Insurer's lien. *See* Resp. to Claimant's Prayer for Relief at 6 (undated and unpaginated).

The WCJ agreed with Employer and denied the penalty petition. Subsequently, Claimant appealed to the Board, arguing that Insurer could not waive rights of which it lacked knowledge, that Claimant could demand payment as constructive trustee for Insurer, or in the alternative, that he was entitled to reimbursement directly pursuant to *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons)*, 524 A.2d 1016 (Pa. Cmwlth. 1987). The Board affirmed, finding that neither Insurer nor Claimant had timely asserted "subrogation rights." *See* Bd. Dec., 12/3/21, at 4-5.[5] Claimant timely petitioned this Court for review.

---

[4] Despite the title of this document, *i.e.*, Addendum to Appeal, it is unclear whether Claimant appealed the WCJ's decision of May 13, 2020, which granted his claim petition. We infer that Claimant drafted the Addendum to Appeal in September 2020, because it references email correspondence that occurred on September 3, 2020. *See id.* at 2.

[5] In our view, the Board's choice of words was imprecise, conflating Insurer's failure to assert its subrogation rights with Claimant's demand for direct compensation. This error is harmless but also understandable given that Claimant has provided differing reasons in support of his demand for payment. *Compare* Notice of Lien (demanding payment as constructive trustee or trustee for Insurer), *with* Addendum to Appeal (repeating demand as constructive trustee for Insurer), *and* Claimant's Reply to Employer's Br. (undated and unpaginated) (same), *and* Claimant's Appeal to Bd., 2/15/21, at 3 (unpaginated) (raising *Frymiare* and seeking direct payment for the first time). We note further that neither the Board nor Employer have asserted waiver of Claimant's *Frymiare* claim on procedural grounds.

3

## II. ISSUE[6]

Claimant contends that he is entitled to direct compensation of his reasonable, necessary, and related medical expenses, including hospital bills, pursuant to *Frymiare*, 524 A.2d at 1026.[7] *See* Claimant's Br. at 5.

## III. DISCUSSION

### A. The Parties' Arguments

Claimant summarily argues that he should be compensated directly for the costs of his in-patient hospitalization and other costs. *See* Claimant's Br. at 8. According to Claimant, *Frymiare* stands for the proposition that, where an employer has an obligation to pay medical expenses, the obligation may not be avoided on the basis that some other source may have initially defrayed the costs. *See id.* at 9. Further, Claimant concisely contends that there is no timeliness requirement to bring a *Frymiare* claim before the WCJ or the Board. *See id.* at 10. According to Claimant, the timeliness requirement of Section 319 applies only to a third-party payor seeking subrogation. *See id.*

---

[6] In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

[7] In the alternative, Claimant contends that he should be paid the funds for the hospitalizations as a constructive trustee for Insurer which had, ultimately, no legal obligation to pay those bills. *See* Claimant's Br. at 5. However, he does not argue this claim, nor does he repeat it in his conclusion; accordingly, he risks waiver. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue."); *see also* Pa.R.A.P. 2119(a). Nevertheless, our disposition of Claimant's primary claim for direct compensation relies on precedent applicable to this alternative contention. Thus, we decline to find waiver and note that Claimant's failure to timely assert a claim under Section 319 is dispositive whether framed as a subrogation claim or one for direct compensation.

4

Briefly, Employer responds that Claimant's reliance on *Frymiare* is misplaced because that case did not address the timeliness of a Section 319 claim but rather to whom a claim was payable. *See* Employer's Br. at 13-14. According to Employer, *Frymiare* is "*wholly irrelevant* to the present matter." *Id.* at 13 (emphasis in original).[8]

## B. Right of Subrogation

An employer or insurer that has made payments for medical expenses later deemed compensable under the Act is entitled to subrogation upon agreement of the parties or if the right "is established at the time of hearing before the referee or the [B]oard."[9] Section 319 of the Act, 77 P.S. § 671 (footnote omitted).[10] However, the right is not "automatic or absolute." *Independence Blue Cross v. Workers' Comp. Appeal Bd. (Frankford Hosp.)*, 820 A.2d 868, 872 (Pa. Cmwlth.

---

[8] More generally, Employer also contends that the WCJ properly denied Claimant's penalty petition because the subrogation right was untimely asserted and the record lacks evidence that the claim proceedings were fraudulently concealed from Insurer. *See* Employer's Br. at 7-13. Additionally, Employer maintains that a penalty petition was an inappropriate vehicle in which to pursue subrogation. *See id.* at 14. Finally, Employer asserts that Claimant lacks standing to pursue subrogation rights on behalf of Insurer, citing in support *Merva v. Workers' Compensation Appeal Board (St. John the Baptist R.C. Church)*, 784 A.2d 222, 226-27 (Pa. Cmwlth. 2001) (rejecting claimant's subrogation claim because claimant's attorney lacked authority to request subrogation on behalf of insurer). *See* Employer's Br. at 15-16. While perhaps meritorious, these arguments are largely non-responsive to Claimant's claim on appeal.

[9] The "referee" identified in Section 319 is a reference to a WCJ. *See* Act of June 24, 1996, P.L. 350, No. 57, § 31.

[10] In relevant part, Section 319 provides:

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this [A]ct in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

77 P.S. § 671 (internal footnote omitted).

2003) (citing 77 P.S. § 671). Because subrogation is an equitable concept, a claim must be made during the pendency of the claim proceedings, or it will be waived. *See Frankford Hosp.*, 820 A.2d at 872; *see also Baierl Chevrolet v. Workmen's Comp. Appeal Bd. (Schubert)*, 613 A.2d 132 (Pa. Cmwlth. 1992) (subrogation claim must be asserted during the pendency of a workers' compensation proceeding); *see also Humphrey v. Workmen's Comp. Appeal Bd. (Supermarket Serv.)*, 514 A.2d 246, 251 (Pa. Cmwlth. 1985);[11] *Workmen's Comp. Appeal Bd. v. Olivetti Corp. of Am.*, 364 A.2d 735, 737 (Pa. Cmwlth. 1976) (holding that subrogation claims may not be raised for the first time on appeal).

In *Frankford Hospital*, the claimant suffered a work-related injury. *See Frankford Hosp.*, 820 A.2d at 870. After her employer denied her claim, she submitted her expenses to her insurers, Blue Cross and Pennsylvania Blue Shield (Blue Shield). *See id.* Subsequently, a WCJ granted her claim petition and the employer appealed; during this time, her insurers continued to pay her medical expenses. *See id.* While the appeal was pending, the claimant and the employer settled, and the claimant received a lump sum payment, from which she reimbursed Blue Shield. *See id.* The settlement agreement, which did not reference Blue Cross, stated that there was no further Section 319 subrogation lien. *See id.* A WCJ approved the agreement. *See id.*

Thereafter, Blue Cross filed (1) a review petition seeking subrogation because it had paid a significant amount of the claimant's work-related medical

---

[11] On this point, *Humphrey* relied upon *Travelers Insurance Company v. Hartford Accident & Indemnity Company*, 294 A.2d 913 (Pa. Super. 1972), which observed that subrogation is a doctrine governed by equity, and that the basis for the doctrine "is the doing of complete, essential and perfect justice between all parties without regard to form." *See Travelers*, 294 A.2d at 915-16; *Humphrey*, 514 A.2d at 251. We may rely on Superior Court decisions as persuasive authority where they address analogous issues, but they are not binding precedent for this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

expenses and (2) a penalty petition seeking to set aside the agreement due to fraudulent misrepresentations regarding the medical expenses and subrogation lien. *See id.* Upon review, the Board affirmed the dismissal of these petitions because Blue Cross had not timely asserted its subrogation lien. *See id.* Upon further review, this Court affirmed. *Id.*

The *Frankford Hospital* Court rejected Blue Cross' argument that it had an absolute statutory right to subrogation under Section 319. *See id.* at 871. To the contrary, the Court observed that "the second paragraph of Section 319 contemplates subrogation established either by contract (agreed to by the parties) or by litigation (established at the time of the hearing). It is neither automatic nor absolute." *See id.* Accordingly, "subrogation . . . is not self-executing and must be asserted with reasonable diligence." *See id.* (citing *Baierl*; *Humphrey*).

The *Frankford Hospital* Court further observed that Blue Cross had not offered "to prove an agreement for subrogation . . . [or] a request for subrogation at *any of the hearings on the claim petition and agreement*, and there was no offer to prove a request directed to any [other] party that a subrogated interest be protected." *Id.* at 872 (emphasis added). Finally, there was no evidence suggesting fraudulent concealment of the proceedings, which may otherwise excuse an insurer's tardiness. *See id.*

Thus, the right to subrogation under Section 319 must be established by agreement or contested litigation at hearings held during the pendency of claim proceedings. *See id.* Further, the right to subrogation must be timely invoked, and a party asserting subrogation rights must exercise reasonable diligence in protecting its interest. *Id.*

7

### C. *Frymiare* Claim for Direct Compensation

In *Frymiare*, this Court extended the right of subrogation under Section 319 to the injured employee. In that case, the claimant was injured in the course of his employment. *Frymiare*, 524 A.2d at 1017. A portion of his medical expenses were paid by a medical plan provided by the claimant's wife's employer. *Id.* Neither the wife's employer nor its insurer sought subrogation, but the claimant sought direct payment of the amounts paid. *Id.* at 1017-18. The referee denied the claim, and the Board affirmed. *Id.*

On appeal, the *Frymiare* Court considered whether the claimant could demand reimbursement from his employer for medical bills paid by a third party that did not seek subrogation. *Id.* at 1018. The Court rejected the employer's argument that paying the claimant would amount to "double dipping." *Id.* at 1019. Rather, the Court reasoned, the employer "is responsible to pay medical expenses of a claimant injured in the course of his employment, and this obligation may not be avoided on the basis that some other [third-party] source . . . may have initially defrayed such costs." *Id.* at 1019. Thus, under these circumstances, simultaneous recovery is possible. *Id.*

In summary, when the claimant has properly preserved a Section 319 claim, *Frymiare* stands for the proposition that where an employer is obligated to reimburse reasonable and necessary medical expenses under the Act, it *must* reimburse them, whether that is to a third-party payor via subrogation or directly to the claimant. *See id.* at 1019.

Notably, the timeliness of a claim for direct compensation was not at issue in *Frymiare*. *See id.* at 1017-18. However, because such a claim is also rooted

8

in Section 319, a similar timeliness requirement is appropriate.[12]   Therefore, a claimant must preserve a *Frymiare* claim for direct compensation by agreement or litigation at hearings held during the pendency of the claim proceedings and with reasonable diligence.  *See* 319 of the Act, 77 P.S. § 671; *Frankford Hosp.*, 820 A.2d at 872.

### D. Application to Claimant

#### 1. The refusal to pay a timely Section 319 claim violates the Act

This appeal follows the denial of Claimant's penalty petition.  A WCJ "shall have the power to impose penalties . . . for violations of the provisions of this [A]ct or such rules and regulations or rules of procedure."  Section 435(d) of the Act, *added by* the Act of February 8, 1972, P.L. 25, as amended, 77 P.S. § 991(d).  "A claimant who files a penalty petition has the burden of proving a violation of the Act."  *Allegis Grp. & Broadspire v. Workers' Comp. Appeal Bd. (Coughenaur)*, 7 A.3d 325, 328 (Pa. Cmwlth. 2010).  If the claimant meets this initial burden, "the burden then shifts to the employer to prove it ha[s] not" violated the Act.  *Shuster v. Workers' Comp. Appeal Bd. (Pa. Hum. Rels. Comm'n)*, 745 A.2d 1282, 1288 (Pa. Cmwlth. 2000).  If the WCJ finds a violation of the Act, the assessment of penalties and amount of a penalty are within the WCJ's discretion.  *See Allegis Grp.*, 7 A.3d at 328.

---

[12] Claimant's contrary assertion is not persuasive.  In support, Claimant directs the Court's attention to *Kuhn v. Workmen's Compensation Appeal Board (Leader Nursing Centers, Inc.)*, 514 A.2d 690 (Pa. Cmwlth. 1986), and *General Tire & Rubber Company v. Workmen's Compensation Appeal Board*, 332 A.2d 867 (Pa. Cmwlth. 1975).  These cases are inapposite.  *See Kuhn*, 514 A.2d at 692 (rejecting a *sua sponte* right of subrogation); *General Tire & Rubber Co.*, 332 A.2d at 871 (rejecting an employer's attempt to seek subrogation in its own favor).  Neither case stands for a proposition that a claimant need not timely raise a claim for direct compensation under Section 319.

An employer violates the Act if it refuses to pay a *timely* Section 319 claim. *Cleveland Bros. v. Workers' Comp. Appeal Bd. (Hazlett)*, 57 A.3d 199, 204 (Pa. Cmwlth. 2012); *Lusby v. Workers' Comp. Appeal Bd. (Fischler Co. & Sparmon, Inc.)*, 976 A.2d 1230, 1235 (Pa. Cmwlth. 2009). An *untimely* claim for subrogation or direct compensation pursuant to *Frymiare* cannot serve as sufficient basis for a penalty petition. *See Frankford Hosp.*, 820 A.2d at 872.[13]

### 2. Claimant failed to establish a timely Section 319 claim

Similar to the claimant in *Frymiare*, Claimant sustained an injury in the course of his employment. His injury resulted in hospitalization, and the hospital bills were covered initially by a third-party payor, Insurer. Insurer did not seek subrogation. *See generally* WCJ Dec., 5/13/20; *see also* Claimant's Br. at 8 (conceding that "[Employer's] argument has facial validity that [a subrogation] claim was never presented before the [WCJ]"). Thus, Claimant may have been entitled to direct compensation by Employer. *See Frymiare*, 524 A.2d at 1019.

However, Claimant did not *timely* raise his claim for direct compensation, *i.e.*, invoke *Frymiare*, during the pendency of his claim proceedings. *See generally* WCJ Dec., 5/13/20. In August 2020, approximately three months after the WCJ had granted his claim petition, Claimant demanded subrogation as constructive trustee for Insurer for the costs of his hospitalization. *See* Penalty Petition, 8/24/20; Notice of Lien. This subrogation claim was patently untimely, as the demand occurred well after the conclusion of the claim hearing. Section 319 of the Act, 77 P.S. § 671; *Frankford Hospital*, 820 A.2d at 872. More importantly,

---

[13] In *Frankford Hospital*, the insurer claimed material or fraudulent misrepresentations delayed its Section 319 liens. *Frankford Hosp.*, 820 A.2d at 870. However, the *Frankford Hospital* Court rejected the insurer's penalty petition, noting that the insurer had not "offer[ed] to prove that it had notified any workers' compensation party of its interest." *Id.* at 872.

10

*even at this late time*, Claimant failed to invoke *Frymiare*. *See* WCJ Dec., 12/3/21. It was not until February 2021, long after a WCJ had granted his claim petition, that Claimant first sought direct compensation from Employer. *See* Claimant's Appeal to Bd., 2/15/21, at 3. Claimant has offered no explanation for his tardiness, nor has he offered to prove an earlier request for direct compensation. *See Frankford Hospital*, 820 A.2d at 872.

On this record, Claimant did not exercise reasonable diligence and did not timely assert a claim under Section 319.[14] Section 319 of the Act, 77 P.S. § 671; *Frankford Hospital*, 820 A.2d at 872; *Frymiare*, 524 A.2d at 1019. Therefore, the WCJ adjudicating Claimant's claim petition did not rule on it. *See* WCJ Dec., 5/13/20. In turn, Employer was under no legal obligation to pay for Claimant's hospitalization. Absent a ruling that Insurer was entitled to subrogation or that Claimant was entitled to direct compensation, Claimant failed to establish a violation of the Act. *See* Section 435(d) of the Act, 77 P.S. § 991(d); *Allegis Grp.*, 7 A.3d at 328.

## IV. CONCLUSION

For these reasons, the Board properly affirmed the denial of Claimant's penalty petition. *See Bryn Mawr Landscaping Co.*, 219 A.3d at 1252 n.5. Accordingly, we affirm the Board's order.

---

LORI A. DUMAS, Judge

---

[14] Further, as the initiator of the claim, Claimant cannot assert fraudulent concealment or that he was unaware of the proceedings. *See Frankford Hosp.*, 820 A.2d at 872.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Wheatley,                          :
                        Petitioner        :
                                          :
            v.                            :    No. 2 C.D. 2022
                                          :
Pyramid Hotel Group (Workers'             :
Compensation Appeal Board),               :
                        Respondent        :

# **O R D E R**

AND NOW, this 25th day of January, 2024, the order of the Workers' Compensation Appeal Board is AFFIRMED.

LORI A. DUMAS, Judge