**John EVANS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HIGHWAY EQUIPMENT AND SUPPLY COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 2, 2014.

Decide June 30, 2014.

Michael D. Yelen, Wilkes–Barre, for petitioner.

Daniel G. Snyder, Center Valley, for respondent Highway Equipment and Supply Company.

BEFORE: BERNARD L. McGINLEY, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

John Evans (Claimant) petitions for review of the November 21, 2013 order of the Workers' Compensation Appeal Board (Board), insofar as it affirmed the decision of a workers' compensation judge (WCJ) that $29,995.59 of work-related medical expenses are not payable directly to Claimant. We affirm.

By decision and order dated January 20, 2009, the WCJ granted Claimant's claim petition for an injury he sustained on April

25, 2007, while working for Highway Equipment and Supply Company (Employer). The WCJ awarded Claimant ongoing workers' compensation benefits for total disability and medical expenses. By correspondence dated February 16, 2009, Claimant's counsel informed Employer of the amount owed to Claimant pursuant to the January 20, 2009 order. Claimant also submitted a subrogation lien of Highmark Blue Shield (Highmark) for payment of medical expenses in the amount of $29,995.59. (WCJ's Findings of Fact Nos. 2–3, 2/23/10.)

On February 27, 2009, Claimant filed a penalty petition against Employer for failure to pay the January 2009 award in a timely and accurate manner. (WCJ's Finding of Fact No. 1, 2/23/10.) At the hearing, Claimant submitted an October 8, 2008 cover letter from Healthcare Recoveries, a corporation that provides recovery services to High mark; a consolidated statement of benefits for medical expenses of $29,995.59 paid by Highmark to Geisinger Medical Center (Geisinger); and a document dated October 8, 2008, in which Healthcare Recoveries agreed to pay twenty percent as an attorney's fee to Claimant's counsel for reimbursement of its lien. (WCJ's Finding of Fact No. 8, 2/23/10; Board's op. at 5, 11/21/13.) The WCJ concluded that Employer violated the Workers' Compensation Act (Act)[1] and granted Claimant's penalty petition. By decision and order dated February 23, 2010, the WCJ directed Employer to pay the $29,995.59 incurred in medical expenses to the "health care provider," less the twenty percent attorney's fee. (WCJ's order, 2/23/10.)

Claimant appealed to the Board, asserting that, under the holding in *Frymiare v. Workmens' Compensation Appeal Board (D. Pileggi & Sons)*, 105 Pa.Cmwlth. 325,

524 A.2d 1016 (1987), the WCJ erred in not directing Employer to pay the $29,995.59 incurred in medical expenses plus interest directly to Claimant. The Board remanded the case to the WCJ for a determination of whether the medical expenses plus interest should be paid directly to Claimant.

On remand, the WCJ found that the submission of the October 8, 2008 letter proved that a subrogation lien had been established by the parties prior to the WCJ's January 20, 2009 decision. Thus, the WCJ found that Employer was not to pay the medical expenses directly to Claimant. Further, the WCJ found that no statutory interest on these medical expenses was owed to Claimant. (WCJ's Finding of Fact No. 8, 5/7/12.)

Claimant appealed to the Board, arguing that the WCJ erred in declining to order Employer to pay the medical expenses directly to him. The Board held in its November 21, 2013 opinion and order that the WCJ did not err in concluding that a subrogation lien had been established between Claimant and Highmark prior to the January 20, 2009 order and that Healthcare Recoveries had properly preserved that lien in accordance with *Boeing Helicopters v. Workers' Compensation Appeal Board (Cobb)*, 713 A.2d 1181, 1186 (Pa. Cmwlth.1998) ("[A] right of subrogation is not self-executing, and a party asserting a right of subrogation must exercise reasonable diligence to protect his or her interest."). The Board concluded that the present case is distinguishable from *Frymiare*, because, unlike the situation in that case, Healthcare Recoveries protected Highmark's subrogation lien interest. Therefore, the Board affirmed the WCJ's ruling that the medical expenses were not directly payable to Claimant.

**1.** Act of June 2, 1915, P.L. 735, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

Employer also appealed to the Board, arguing that the WCJ erred in refusing to take evidence on remand offered to establish that Highmark's lien was moot because Geisinger, the provider, had repaid the $29,995.59 in Claimant's medical expenses to Highmark. Citing *Clark v. Workers' Compensation Appeal Board (Wonder Bread Co.)*, 703 A.2d 740, 743 (Pa.Cmwlth.1997) (holding that the WCJ must restrict its proceedings solely to the issues specified in the Board's remand order), the Board found that this issue was not before the WCJ on remand, and, therefore, the WCJ properly declined to accept the evidence. Thus, the Board affirmed the WCJ's determination and reinstated the WCJ's February 23, 2010 order.

On appeal to this Court,[2] Claimant argues that: (1) the WCJ erred in failing to order that payments for medical expenses be made directly to Claimant or Claimant's insurer; (2) the WCJ erred in failing to award Claimant statutory interest for past due medical benefits; and (3) the WCJ erred in determining that Highmark's subrogation lien had not been waived.

■ The second paragraph of section 319 of the Act provides:

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the par-

ties or is established at the time of hearing before the referee or the board.

77 P.S. § 671. "[U]nder the provisions of ... Section 319 of the [Act] ... no subrogation is due unless claimed." *Frymiare*, 524 A.2d at 1018–19. Subrogation rights under the second paragraph of section 319 are not self-executing and a party asserting such rights must exercise reasonable diligence in protecting its interest. *Independence Blue Cross v. Workers' Compensation Appeal Board (Frankford Hospital)*, 820 A.2d 868, 872 (Pa.Cmwlth.2003); *Boeing Helicopters*, 713 A.2d at 1186. A party asserting subrogation rights must do so "during the pendency of the claim proceedings." *Independence Blue Cross*, 820 A.2d at 872.

In *Independence Blue Cross*, the claimant filed a claim petition and subsequently submitted her medical expenses to her insurers, Independence Blue Cross (Blue Cross) and Pennsylvania Blue Shield (Blue Shield). Blue Cross and Blue Shield paid the medical expenses throughout the pendency of the claim proceeding. The WCJ granted the claimant's claim petition, and the employer appealed to the Board. During the pendency of the appeal, the claimant and the employer executed a compromise and release agreement (C & R) settling the claimant's claim. The C & R directed the claimant to reimburse Blue Shield for medical expenses paid, based on information submitted by Blue Shield, but did not mention reimbursement for Blue Cross. Following a hearing, the C & R was approved by the WCJ.

Nearly fourteen months after the approval of the C & R, Blue Cross filed a review petition against the employer, seek-

---

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact are supported by substantial evidence. *Bemis v. Workers' Compensation Appeal Board (Perkiomen Grille Corporation)*, 35 A.3d 69, 71 n. 5 (Pa.Cmwlth. 2011).

ing subrogation for its payment of the claimant's medical expenses. Blue Cross also filed a penalty petition seeking to set aside the C & R, and the petitions were assigned to a WCJ. After a hearing, the WCJ dismissed Blue Cross's review petition, determining that Blue Cross failed to assert its subrogation interest during the claim proceeding and was not a participant in the C & R negotiations or the hearing. Thus, the WCJ concluded that Blue Cross waived its subrogation interest. The WCJ also dismissed Blue Cross's penalty petition, concluding that Blue Cross did not prove a violation of the Act. The WCJ further awarded attorney's fees based on the conclusion that Blue Cross's contest was unreasonable. Blue Cross appealed to the Board, which reversed the WCJ's award of attorney's fees and affirmed the remainder of the WCJ's order.

On appeal to this Court, Blue Cross argued that it had an absolute statutory right to its subrogation interest pursuant to section 319 of the Act. We held that "the second paragraph of Section 319 contemplates subrogation established either by contract (agreed to by the parties) or by litigation (established at the time of the hearing)." 820 A.2d at 872. We further held that subrogation under the second paragraph of section 319 "is neither automatic nor absolute. Indeed, subrogation under the second paragraph of Section 319 is not self-executing and must be asserted with reasonable diligence." *Id.* We concluded that Blue Cross failed to establish its subrogation interest pursuant to section 319 because it offered no proof that the parties agreed to subrogation or that it requested subrogation at the hearings during the pendency of the claim petition. Thus, we determined that the WCJ did not err in dismissing Blue Cross's review petition.

 In this case, Claimant contends that the Board erred in not directing the medical expenses to be paid directly to Claimant, in accordance with *Frymiare,* because Highmark did not act to preserve its subrogation lien. In *Frymiare,* the claimant was injured during the course of his employment. Before the referee[3] awarded the claimant disability benefits, the claimant and the claimant's insurer paid for the claimant's medical treatment. Subsequently, the referee awarded the claimant reimbursement for the medical expenses that he personally paid but denied him reimbursement for medical expenses paid by the claimant's insurer because the claimant's private health insurance carrier did not seek subrogation before the referee. Further, the referee denied the claimant's request for interest after finding that the claimant was responsible for the delay in the payment. The Board affirmed.

On appeal to this Court, the claimant in *Frymiare* argued that he was entitled to reimbursement for the medical expenses paid by his insurer. Citing *Kuhn v. Workmen's Compensation Appeal Board (Leader Nursing Centers),* 100 Pa.Cmwlth. 407, 514 A.2d 690 (1986), we noted that an insurer must claim subrogation rights before the referee in order to be reimbursed. We next stated that the claimant's employer, by arguing that it should not have to pay the claimant the medical expenses previously paid by the claimant's insurer, essentially sought subrogation rights, which is a right that could only have been asserted by the claimant's insurer. We held that "[t]he workmen's compensation insurer is responsible to pay medical expenses of a claimant injured in the course of his employment, and this obligation may not be avoided on the basis that some other

---

**3.** At the time of the *Frymiare* decision, WCJs were known as referees.

source ... may have initially defrayed such costs." *Frymiare*, 524 A.2d at 1019. Thus, we reversed the Board's determination that the claimant was not entitled to reimbursement from the employer for the full amount of medical expenses paid.

The facts of *Frymiare* are distinguishable from this case. The proposition set forth by this Court in *Frymiare* is that an employer must still pay medical expenses to a claimant even if a third-party, such as Highmark in this case, has already defrayed the cost but has not asserted its subrogation rights. Here, however, unlike the insurer in *Frymiare*, Claimant submitted into evidence a letter from Healthcare Recoveries stating that Highmark had a subrogation lien for the awarded medical expenses. (WCJ's Finding of Fact No. 8, 2/23/10.) As the WCJ found, Highmark, through Healthcare Recoveries' letter dated October 8, 2008, and in accordance with *Independence Blue Cross*, established that an agreement for the subrogation lien was in place prior to the disposition of the initial claim proceeding. (WCJ's Finding of Fact No. 8, 2/23/10.) The record supports the WCJ's determination that Highmark preserved its subrogation lien, and, thus, did not err in concluding that the medical expenses should not be paid directly to Claimant.[4, 5] Accordingly, we affirm.

**ORDER**

AND NOW, this 30th day of June, 2014, the November 21, 2013 order of the Workers' Compensation Appeal Board is affirmed.

**J.M., Petitioner**

v.

---

4. In the alternative, Claimant also asserts that the WCJ erred in directing Employer's insurer to pay the medical expenses to Geisinger rather than Highmark. However, Claimant advances this argument for the first time on appeal before this Court. "An issue is waived unless it is preserved at every stage of the proceedings." *Riley v. Workers' Compensation Appeal Board (DPW/Norristown State Hospital)*, 997 A.2d 382, 388 (Pa.Cmwlth. 2010). Thus, Claimant has waived this argument on appeal.

Employer responds that the WCJ's order directing the payment to Geisinger was harmless error because Geisinger repaid Highmark for Claimant's medical expenses. We do not address this assertion because Employer was precluded from submitting evidence establishing this fact at the WCJ's hearing on the remand petition.

5. Claimant further argues that he is owed statutory interest for the unpaid medical expenses. However, because Claimant is not entitled to the $29,995.59 in medical expenses, the WCJ properly determined that Claimant is also not entitled to the statutory interest.