# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,            :
            Petitioner     :
                                 :
          v.                :    No. 675 C.D. 2016
                                 :    Argued: May 3, 2017
Workers' Compensation Appeal  :
Board (Knudson),           :
            Respondent  :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge


**OPINION BY JUDGE BROBSON**        **FILED: July 3, 2017**


In an Opinion and Order dated March 31, 2016, the Workers' Compensation Appeal Board (Board) affirmed, in large part, and reversed, in part, a decision by a Workers' Compensation Judge (WCJ), granting a claim petition filed by a cancer-stricken Philadelphia firefighter (Claimant) under Section 108(r) of the Workers' Compensation Act (Act), pertaining to the definitions of occupational diseases.[1] Relevant to this proceeding are two aspects

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27.1(r). The Act of July 7, 2011, P.L. 251, commonly known as Act 46, amended Section 108 of the Act to include: "(r) Cancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer."

of the Board's decision. First, the Board affirmed the WCJ's determination that Claimant's health insurer, Independence Blue Cross (IBC), submitted sufficient evidence to support the amount of its subrogation lien[2]—*i.e.*, the amount IBC paid to cover Claimant's medical expenses prior to the WCJ's benefit determination— against Claimant's medical benefits under the Act. Second, the Board reversed the WCJ's determination that, as a matter of law, only medical expenses for services provided after the effective date of what is commonly known as Act 46[3] (July 7, 2011), which designated cancer in firefighters as an occupational disease, were reimbursable. As a result, all of Claimant's medical expenses related to his illness became reimbursable under the Act. We affirm the Board.

The matter came before the Board on an appeal filed by IBC and Claimant's employer, the City of Philadelphia (City). IBC challenged that portion of the WCJ's determination that limited reimbursement on its lien to services rendered to Claimant after July 7, 2011. The City cross-appealed, challenging IBC's right to a subrogation lien as well as the sufficiency of the proof offered in support of that lien before the WCJ. As noted above, the Board effectively granted

---

[2] IBC asserted a lien on Claimant's workers' compensation award under Section 319 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671, which provides, in relevant part:

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis of the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of [the] hearing before the referee or the board.

[3] Act of July 7, 2011, P.L. 251.

IBC relief on its appeal and denied the City relief on its cross-appeal. The City then petitioned this Court for review.

On appeal,[4] the City argues that, as a matter of law, IBC's lien can only attach to medical expenses incurred after the effective date of Act 46. Accordingly, IBC, as Claimant's health insurer, cannot claim a lien for medical expenses paid on account of services rendered prior to July 7, 2011, even though the services related to Claimant's work-related cancer. Alternatively, the City claims that the single document, a "Statement of Benefits," that IBC submitted into evidence was insufficient to support the existence and amount of IBC's subrogation lien.[5] At the outset, it is important to note that Claimant's entitlement to benefits under the Act[6] is not at issue in this appeal. Moreover, no party to this appeal is contending that Claimant's medical expenses related to his illness have not been covered, either by IBC as Claimant's health insurer or pursuant to the Act. Instead, the entirety of the City's appeal is focused on limiting, if not eliminating, the amount that IBC, as Claimant's health insurer (or third-party

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[5] In its petition for review and during oral argument before the Court, the City also challenged IBC's standing to appeal the WCJ's determination to the Board, suggesting that if IBC lacked standing to appeal, the Board's decision should be vacated. The City, however, did not brief this issue, and, therefore, we will not address it here. *See Tyler v. Unemployment Comp. Bd. of Review*, 591 A.2d 1164, 1167 (Pa. Cmwlth. 1991) ("When a claimant appeals an issue, but fails to address the issue in his brief, the issue is waived."); *see also Davis v. Workers' Comp. Appeal Bd. (City of Phila.)*, 753 A.2d 905, 911 n.6 (Pa. Cmwlth. 2000).

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

3

administrator administering a self-insured healthcare plan), may recover on its subrogation lien.

With respect to the City's first contention—*i.e.*, that the Board erred by applying the Act 46 amendments "retroactively" when it recognized IBC's lien for medical expenses IBC paid on behalf of Claimant *prior to* the effective date of Act 46—we conclude that the Board appropriately applied the Act, as amended. It is undisputed that Claimant filed his claim petition on June 13, 2012, and that his petition was timely-filed under the Act.[7] Section 4 of Act 46 clearly and unambiguously provides: "The provisions of this act *shall apply to claims filed on or after the effective date of this section.*" (Emphasis added.) As the Pennsylvania Supreme Court has recognized, "[t]he object of statutory construction is to ascertain and effectuate the General Assembly's intent. The plain language of a statute is, as a general rule, the best indicator of such legislative intent." *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1067-68 (Pa. 2012). Here, the General Assembly's intent is clear. Act 46 applies to all claims filed after July 7, 2011. In other words, any claimant who files a timely claim after July 7, 2011, is entitled to the benefits of Act 46. The Board did not, as the City contends, apply Act 46 "retroactively." Rather, the Board properly applied Act 46 prospectively to Claimant's claim, which Claimant timely filed after the effective date of Act 46. The Board, therefore, properly adjudicated the claim petition under the Act, as amended by Act 46.

---

[7] We note specifically the lack of any contention by the City that Claimant's claim was time-barred. *See City of Phila. v. Workers' Comp. Appeal Bd. (Sites)*, 889 A.2d 129, 139 (Pa. Cmwlth. 2005) (holding version of Act in place at time claimant filed claim petition governed, so long as statute of limitations had not yet run), *appeal denied*, 938 A.2d 1054 (Pa. 2007).

4

Turning to the City's second issue on appeal, the City challenges the sufficiency of IBC's evidence of its lien. During the August 5, 2013 hearing before the WCJ in this matter, counsel for IBC offered into evidence pre-marked Exhibit I-1. (Reproduced Record (R.R.) at 1a.) The document is titled "Consolidated Statement of Benefits." The "patient" is identified as Claimant. The "date of injury" is identified as October 18, 2009, which corresponds to the date of injury set forth in Claimant's claim petition and the date Claimant was diagnosed with renal cell cancer. In columnar format, the document sets forth dates of service, procedure codes, claim numbers, and "Provided Benefits," which appears to be the cost paid to the provider for the service. On the record, the WCJ identified the document as "lien information" and asked all parties in attendance, including the City, whether there were any objections to admission of the exhibit into the record, leading to the following exchange:

> MR. DRYDEN [CLAIMANT'S COUNSEL]: Not from Claimant.
>
> MR. KACHLINE [CITY'S COUNSEL]: From the employer, the copy that you have in front of you, certain charges were stricken from that document as unrelated.
>
> I believe counsel for IBC is here to agree that those ones can be marked off the list from there. Your Honor has already ruled on the retroactivity issues, so we don't need to go over that again. Based on the representation that those charges will be stricken from that document the [C]ity will waive its hearsay objection.
>
> [WCJ]: Those charges are highlighted in yellow and total, probably around $100, right?
>
> MR. MARTIN [COUNSEL FOR IBC]: That's why I took my bold step.
>
> [WCJ]: I will disregard the part highlighted in yellow.

5

**(Whereupon, the document marked as Insurer's
Exhibit No. 1 was received
into evidence.)**

MR. KACHLINE [CITY'S COUNSEL]: Thank you.

(Certified Record (C.R.), Aug. 5, 2013 Hearing Transcript at 7-8.)

Notwithstanding the foregoing, the City now claims that the Consolidated Statement of Benefits, Exhibit I-1, fails to establish IBC's lien. This Court has recognized that subrogation rights under the second paragraph of Section 319 of the Act are not self-executing. In the absence of an agreement, the party asserting a subrogation lien under this paragraph must assert and establish its lien through litigation (*i.e.*, as part of the claim proceeding before the WCJ). *See Independence Blue Cross v. Workers' Comp. Appeal Bd. (Frankford Hosp.)*, 820 A.2d 868, 871-72 (Pa. Cmwlth. 2003). The City argues that IBC fell short of its burden in the following respects: (1) IBC failed to establish that it insured Claimant let alone paid any medical bills on Claimant's behalf; (2) IBC failed to establish what relationship, if any, IBC has with a company called "Healthcare Recoveries," whose name, and not IBC's, appears on the Consolidated Statement of Benefits;[8] and (3) Healthcare Recoveries failed to establish any right to assert a subrogation claim in its own capacity or on behalf of IBC.

In her Finding of Fact 21, the WCJ relies on Exhibit I-1 as evidence of both the existence and the amount of IBC's lien, limited only by the WCJ's legal conclusion that only expenses incurred after the effective date of Act 46 were

---

[8] In a related contention, the City alleges that both the WCJ and the Board erred in inferring any relationship between the two entities.

6

reimbursable to IBC under Section 319 of the Act.[9] For the reasons set forth above, the WCJ erred in her construction of Act 46 in this regard. Based on our review of the certified record in this matter,[10] however, we find no error in the WCJ's reliance on Exhibit I-1. Subject to limited agreed-to redactions, the WCJ admitted Exhibit I-1 into the record as evidence of IBC's lien. The City, in fact, on the record waived any hearsay objections to the document. At no time during the August 5, 2013 hearing did the City raise any of the issues with respect to Exhibit I-1 that it attempted to raise before the Board and now before this Court. At no time during the hearing before the WCJ did the City suggest, as it does in its brief to this Court, let alone contend, that IBC has no relationship with Claimant or responsibility to provide Claimant health care benefits/coverage, such that it is a complete stranger to this litigation. Moreover, the City could have but did not raise with the WCJ any issue with respect to how Healthcare Solutions is involved in IBC's efforts to litigate its lien. Indeed, it appears that the City chose to raise these "questions"[11] for the first time before the Board and then only after IBC

---

[9] As noted above, before the WCJ, the City withdrew its hearsay objection to the admission of Exhibit I-1. The Court also notes that the City has not challenged Finding of Fact 21 by the WCJ on appeal nor does the City contend that the WCJ's finding, based on Exhibit I-1, violates what is referred to as the *Walker* Rule. *See Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976); *see also Furnari v. Workers' Comp. Appeal Bd. (Temple Inland)*, 90 A.3d 53, 73 (Pa. Cmwlth. 2014) (holding that *Walker* Rule, which allows adjudicator to rely on hearsay evidence admitted without objection to support finding of fact so long as it is corroborated by other evidence of record, applies "with equal force to workers' compensation proceedings.").

[10] "We examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings." *A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi)*, 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013).

[11] The Court is skeptical of the City's suggestion that the answers to many, if not all, of these "questions" are in doubt. Specifically, we suspect that the City knows, or could readily **(Footnote continued on next page…)**

lodged its appeal from the WCJ's determination. *See Rox Coal Co. v. Workers'*
*Comp. Appeal Bd. (Snizaski)*, 807 A.2d 906, 913-14 (Pa. 2002) (holding that
failure to raise issue before WCJ constituted waiver).

In short, IBC offered Exhibit I-1 as evidence in support of both the
existence and the amount of its lien, and the City, subject to an agreed-to redaction,
agreed to the admission of the document as proof of the same. Under these
circumstances, and in the absence of a *Walker* Rule challenge, it was both
reasonable and lawful for the WCJ to rely on Exhibit I-1 as evidence of both the
existence and amount of IBC's subrogation lien. *See Williams v. Workers' Comp.*
*Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 145 (Pa. Cmwlth. 2004)
("Determinations as to evidentiary weight are not subject to appellate review.").[12]

---

**(continued…)**

determine, whether IBC provided health benefit insurance or services to Claimant and the City's other firefighters during the time period in question.

[12] Both IBC and the Board rely on this Court's decision in *Evans v. Workers' Compensation Appeal Board (Highway Equipment and Supply Co.)*, 94 A.3d 1091 (Pa. Cmwlth. 2014), in support of the Board's determination that the Consolidated Statement of Benefits (Exhibit I-1) admitted into the record, on its own, is sufficient evidence to support a determination that IBC has preserved its lien. As noted above, under the second paragraph of Section 319 of the Act, a party asserting a subrogation right must establish the right either through an agreement between the parties or through litigation. Unlike this matter, *Evans* involved a penalty petition and a right of subrogation established by agreement of the parties *prior to* litigation over the claimant's claim petition. In light of the factual and procedural dissimilarities and given our ruling above, we decline to consider at this time the extent to which our decision in *Evans* supports the broad proposition that the "Consolidated Statement of Benefits" submitted in this case, without more, is sufficient evidence to establish by way of litigation both the existence and amount of a subrogation lien under the second paragraph of Section 319 of the Act.

Accordingly, we affirm.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| City of Philadelphia, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 675 C.D. 2016 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Knudson), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 3rd day of July, 2017, the order of the Workers' Compensation Appeal Board, dated March 31, 2016, is AFFIRMED.

P. KEVIN BROBSON, Judge